IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KATHLEEN HOLBROOK,

**Plaintiff,**

**v.**

ANCHOR GLASS CONTAINER
CORPORATION,

**Defendant.**

**Case No.** 22-CV-229-FAB-JAR

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge[1]

Before the Court is defendant Anchor Glass Container Corporation ("Anchor Glass")'s motion to reconsider the court's denial of summary judgment on plaintiff's discriminatory discharge claim in violation of the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 *et seq.* (Docket No. 55.)  For the reasons stated below, the Court **DENIES** Anchor Glass' motion to reconsider.

I.    BACKGROUND[2]

Ms. Kathleen Holbrook filed this action against Anchor Glass on August 16, 2022, asserting claims of a hostile work environment, sexual harassment, and gender discrimination in violation of Title

---

[1] Of the District of Puerto Rico, sitting by designation pursuant to 28 U.S.C. § 292(d).  See Docket No. 181.

[2] The facts of the case are in the Court's Opinion and Order at Docket No. 48. Holbrook v. Anchor Glass Container Corp., Civil Case No. 22-229, 2026 WL 1244381 (E.D. Ok. May 6, 2026).

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), retaliation and disability discrimination in violation of the ADA, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 *et seq.;* and discrimination based on her use of her leave pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). (Docket No. 2.) On September 26, 2022, Anchor Glass answered the complaint. (Docket No. 14.) Discovery ended on August 28, 2023. (Docket No. 24.)

On August 14, 2023, Anchor Glass filed a motion for summary judgment. (Docket No. 25.) Ms. Holbrook responded on September 25, 2023, and Anchor Glass replied on October 10, 2023. (Docket No. 37; Docket No. 38.) On May 23, 2024, the motion was referred to Magistrate Judge Jason A. Robertson. (Docket No. 39.) Magistrate Judge Robertson issued a Report and Recommendation on December 23, 2024, recommending the Court grant Anchor Glass' motion for summary judgment. (Docket No. 42.) On May 6, 2026, the Court adopted in part the R&R, and dismissed all claims with prejudice except Ms. Holbrook's discriminatory discharge claim pursuant to the ADA. On May 22, 2026, Anchor Glass filed a motion to reconsider the Court's denial of the summary judgment on the discriminatory discharge claim, and Ms. Holbrook opposed. (Docket No. 55; Docket No. 57; Docket No. 60.)

**Case No.** 22-CV-229-FAB-JAR                                                                 3

## II.  STANDARD OF REVIEW

### A.    Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration' . . . [but] a district court always has the inherent power to reconsider its interlocutory rulings." Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1243 (10th Cir. 2007).  The Tenth Circuit Court of Appeals has held that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Id.

## III. DISCUSSION

Anchor Glass argues that the Court committed a clear error when it denied summary judgment on Ms. Holbrook's discriminatory discharge claim.  The Court found in Anchor Glass' favor on Ms. Holbrook's failure to accommodate claim because she failed to show that there was a vacant position to which she could have been reassigned to.  Anchor Glass argues that the same finding also sinks her discriminatory discharge claim because showing a vacant

**Case No.** 22-CV-229-FAB-JAR                                                4

position existed is necessary to render her a "qualified individual." (Docket No. 55 at pp. 4-6.)

A claim for discriminatory or wrongful discharge differs from a failure to accommodate claim in that Ms. Holbrook must prove that "[Anchor Glass] acted with a discriminatory animus against her because she had a disability." Aubrey v. Koppes, 975 F.3d, 995, 1014 (10th Cir. 2020) (citing Lincoln v. BSNSF Ry. Co., 900 F.3d 1166, 1204 (10th Cir. 2018)). To establish a *prima facie* case, Ms. Holbrook must show that "[s]he is disabled within the meaning of the ADA; . . . that [s]he is qualified for the job held or desired; and . . . that [s]he was discriminated against because of h[er] disability." Id.; McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

"The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). There is a two-step inquiry as to whether an employee is qualified. First, a plaintiff must show that he or she could perform the essential functions of the job he or she holds or desires, i.e., functions that bear more than a marginal relationship to the job at issue. Milton v. Scrivner, 53 F.3d 1118, 1123 (10th Cir. 1995). "[This] inquiry is not limited to the employee's existing job . . . [but

also] includes an employee who has the ability to do other jobs within the company that such disabled employee 'desires.'" Smith v. Midland Brake, Inc., a Div. of Echlin, Inc., 180 F.3d 1154, 1161 (10th Cir. 1999). Second, if and only if it is shown that a plaintiff cannot perform the essential functions of the job, the plaintiff must show that reasonable accommodation by the employer would enable him or her to perform those functions. Scrivner, 53 F.3d at 1123.

While Ms. Holbrook stated that she could not perform the essential functions of her position in the Hot End, she expressed her desire to work in the Cold End without any accommodation, a position she had worked earlier in her career with Anchor Glass. (Docket No. 25-1 at p. 92; Docket No. 37-1 at p. 90.) Accordingly, Ms. Holbrook "has the ability to do other jobs within the company." See Midland Brake, 180 F.3d at 1161. Anchor Glass does not argue that Ms. Holbrook could not do the essential functions of the Cold End position. In fact, Anchor Glass ignores the fact that being qualified does not solely apply to the job Ms. Holbrook held in the Hot End but that it also applies to the job she desires at the Cold End. See id. Because Anchor Glass does not argue that Ms. Holbrook cannot do the essential functions of a Cold End position, she has made a *prima facie* showing that she was qualified for a Cold End position.

**Case No.** 22-CV-229-FAB-JAR                                                6

Anchor Glass' argument that Ms. Holbrook must show that a vacant position existed to which she could have been reassigned was addressed in the Court's opinion and order. See Docket No. 48. A failure to accommodate claim and a discriminatory or wrongful discharge claim are two distinct causes of action pursuant to the ADA. See Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 912 (10th Cir. 2004). In a failure to accommodate claim, the relevant issue is whether Anchor Glass took reasonable steps to reassign Ms. Holbrook to a vacant position. Id. at 912 n. 6. The Court already granted summary judgment on Ms. Holbrook's failure to accommodate claim.[3] The issue in a wrongful or discriminatory discharge claim - the surviving claim - is whether Anchor Glass terminated Ms. Holbrook because of her disability. Id. Because Ms. Holbrook has made the requisite *prima facie* showing that she was a qualified individual, whether her discharge is based on her disability is a fact-finding question for the jury. Accordingly, the Court denies Anchor Glass' motion for reconsideration.

---

[3] As part of Ms. Holbrook's burden in her failure to accommodate claim, she had to prove that an existing and available job was available. See Koppes, 975 F.3d at 1012-13. Ms. Holbrook failed to do so, for which reason the Court granted summary judgment in Anchor Glass' favor on that claim.

**Case No.** 22-CV-229-FAB-JAR                                              7

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Anchor Glass' motion to reconsider the Court's denial of summary judgment on Ms. Holbrook's discriminatory discharge claim pursuant to ADA.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 25, 2026.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE